FILED

March 27, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 8:53 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Kenneth M. Swain, **Employee,** | Docket No.: 2015-06-0415 |
| v. | State File No.: 48203-2015 |
| Standard Candy Company, **Employer,** | |
| And | Judge Kenneth M. Switzer |
| The Hartford, **Carrier.** | |

## EXPEDITED HEARING ORDER DENYING MEDICAL BENFITS

This case came before the undersigned Workers' Compensation Judge on March 22, 2017, on Mr. Swain's Request for Expedited Hearing. The present focus of this case is his entitlement to additional medical benefits, specifically surgery to repair a torn rotator cuff in his left shoulder. Standard Candy asserted the need for treatment is not causally-related to the work injury. For the reasons set forth below, the Court denies Mr. Swain's request.

### History of Claim

This is Mr. Swain's second Expedited Hearing. The first hearing resulted in an order that Standard Candy provide a panel to treat Mr. Swain's alleged injuries to his left knee and elbow. The Court incorporates by reference the Expedited Hearing Order dated April 4, 2016.

The present dispute involves an alleged injury to Mr. Swain's left shoulder, which came to the Court's attention during a series of status conferences conducted in the months following the first hearing. Mr. Swain informed the Court on July 18, 2016, that Dr. Michael Milek, the authorized treating physician for his elbow, recommended he see a specialist to treat an alleged injury to his left shoulder. The medical records were silent on the referral, but Standard Candy indicated it would authorize the referral once it

1

received confirmation in writing. Mr. Swain did not obtain the requisite documentation before the next status conference of September 6.

At a status conference approximately one month later, Mr. Swain acknowledged his inability to obtain a referral from Dr. Milek and thus sought unauthorized care of the shoulder. Standard Candy contended the medical records from the unauthorized treatment did not causally relate the need for treatment to the work incident. At a status conference in December, Mr. Swain identified Dr. Malcolm Baxter as the physician treating the shoulder and stated that Dr. Baxter recommended rotator-cuff surgery. Standard Candy stated it needed to review Dr. Baxter's records. At the most recent status conference of February 13, 2017, Mr. Swain stated an intention to seek an order from this Court that Standard Candy authorize the surgery, while Standard Candy announced its opposition on the grounds that the need for treatment is not causally related to the work incident.

With regard to the evidence and arguments at this second expedited hearing, Mr. Swain testified that the "labor-board approved" physician, Dr. Milek, did not perform an adequate examination of his left shoulder. He also relied on treatment records from Dr. Baxter. Meanwhile, Standard Candy relied on Mr. Swain's previous failure to assert injury to the shoulder during several medical visits shortly after the injury date as well as Dr. Baxter's deposition testimony. Mr. Swain did not attend Dr. Baxter's deposition, although he acknowledged receiving notice. Mr. Swain stated he received a copy of the deposition transcript in advance of the Expedited Hearing but he did not read it.

Turning first to Dr. Baxter's records (*See generally* Ex. 2 at 53-72), notes from Mr. Swain's initial office visit in October state as "history" that Mr. Swain told him about the fall at work, treatment for the left elbow and knee, and "[h]e also injured his left shoulder." Dr. Baxter ordered an MRI. He reviewed the MRI results with Mr. Swain at the next visit in early November, his treatment note stating, "The MRI does indeed show almost full thickness rotator cuff tear measuring right at 70%. Partial biceps tendon rupture. This occurred after an accident at work. He denies any prior problems prior to his work injury. I quizzed him on that extensively." Dr. Baxter recommended surgery and noted, "Based on my history and evaluation of the MRI, it appears that this is 100% work-related. I don't see any other evidence of injury or long-standing, pre-existing problems." Similarly, at Mr. Swain's most recent office visit in January 2017, Dr. Baxter wrote, "This is a work-related injury," and, "This is 100% work-related. No other sources injury. We will schedule surgery once approved."

Turning next to Dr. Baxter's deposition testimony (*See generally* Ex. 5), Standard Candy's counsel confirmed that he based his opinion on the history Mr. Swain provided and the MRI results. Counsel drew Dr. Baxter's attention to medical records from February and June 2015, where Mr. Swain failed to mention shoulder pain to the providers. Dr. Baxter agreed that, if Mr. Swain tore his rotator cuff and had a partially

2

torn biceps tendon on January 7, 2015, he would have complained of pain at those times. Afterward, the following exchange occurred:

> Q: Doctor, if we assume that the medical notes accurately reflect a history devoid of shoulder pain, rotator cuff pathology, or biceps tendon pathology, do you have a different opinion about the cause of his – of the findings you found on the MRI and whether or not those are related to the incident of 1/7/15?
>
> A: I think it definitely draws into question when he hurt his shoulder. Having now had the benefit of looking at these records, I would have expected him to have pain, if not right away, certainly within a few weeks of the injury.
>
> And so, you know having reviewed the records, it does not appear that the accident could have caused this problem because he certainly has not complained of shoulder pain. The first time I think I saw that he complained of shoulder pain was an IME by Dr. Michael Milek done on June 16 of 2016.
>
> Q: OK. Is that your opinion to a reasonable degree of medical certainty?
>
> A: Yes.
>
> Q: Dr. Milek also saw him in June of 2016 for an elbow issue, which he diagnosed as olecranon bursitis. Is that diagnosis a separate and distinct injury and diagnosis from the rotator cuff tear and biceps tendon?
>
> A: Yes.

*Id.* at 14-15. Counsel additionally asked Dr. Baxter if the MRI findings could have come from "ordinary activities of daily living." He responded, "They could. If he had a degenerative-type tear, certainly could happen in everyday life." *Id.* at 17.

## Findings of Fact and Conclusions of Law

In order to grant the relief Mr. Swain seeks, the Court must apply the following general principles. As in all workers' compensation actions, Mr. Swain, as the claimant,

3

has the burden of proof on the essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, since this is an expedited hearing, he only has to come forward with sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits in order to meet his burden. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

As stated in the previous Expedited Hearing Order, in order to establish causation, Mr. Swain must prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2016). The term "reasonable degree of medical certainty" means that, "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D) (2016). Thus, causation must be established by expert medical testimony.

Applying these legal principles to the facts of this case, both parties pointed to Dr. Baxter's opinions in support of their positions. With regard to the weight this Court gives to each party's proof, Mr. Swain relied upon Dr. Baxter's notes from the November 2016 and January 2017 visits, in which Dr. Baxter expressed unambiguous opinions regarding the work-relatedness of Mr. Swain's shoulder condition. However, when Dr. Baxter recently considered a more complete history, including information from sources other than the account Mr. Swain personally provided, he altered his opinion to clearly state Mr. Swain's need for rotator cuff surgery does not relate to the work incident. He expressed this opinion in sworn testimony and to a reasonable degree of medical certainty, while the treatment notes do not bear these additional assurances of reliability. Further, the deposition testimony suggests that Dr. Baxter considered all causes when formulating his opinion that the need for treatment is not related to the work incident, given that he clarified the shoulder condition is unrelated to the elbow injury and could be the result of the activities of everyday living. *See* Tenn. Code Ann. § 50-6-102(14)(B) (2016).

Mr. Swain argued that he did not know the extent of his injuries around the time he sustained them, as he is not a physician. However, as noted above, the physician he selected, Dr. Baxter, has ultimately concluded the need for surgery is not work-related. Mr. Swain further questioned the sufficiency of the examination and testing of the authorized treating physician, referring to him as the "labor-board approved" physician. To clarify, Dr. Milek is the physician Mr. Swain chose from the panel Standard Candy provided. *See Scott,* 2015 TN Work. Comp. App. Bd. LEXIS 24, at *7 ("Tennessee courts have long held that the employer in a workers' compensation case generally has the right to control medical treatment, assuming that the employer has complied with the requirements of Tennessee Code Annotated section 50-6-204.")

4

Moreover, while Mr. Swain is dissatisfied with the authorized treating physician's treatment methodology and conclusions, this Court is not in a position to disregard them based on Mr. Swain's lay opinion alone. "Judges are not well-suited to second-guess a medical expert's treatment, recommendations, and/or diagnoses absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record." *Scott,* at *8. Notably, Dr. Baxter did not address the sufficiency of Dr. Milek's treatment at his deposition.

Therefore, Mr. Swain has not come forward with sufficient evidence from which this Court can conclude that he is likely to prevail at a hearing on the merits regarding the work-relatedness of his left shoulder injury. The Court, at this time, denies his request that this Court order Standard Candy to authorize surgery.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Swain's request for additional medical benefits (shoulder surgery) is denied at this time.

2. This matter is set for a Scheduling Hearing on May 8, 2017, at 10:00 a.m. Central. **You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call may result in a determination of the issues without your further participation.**

ENTERED this the 27th day of March, 2017.

**Judge Kenneth M. Switzer**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1) Affidavit
2) Composite Medical Records
3) Recorded Statement of Kenneth Swain
4) Notice of Deposition
5) Deposition of Dr. Malcolm Baxter[1]
6) Expedited Hearing transcript

---

[1] To avoid placing duplicate documents into the record, the Court did not include Exhibit 3 of the deposition transcript as part of the Technical Record because it is identical to Exhibit 2.

Technical record:
1) Petition for Benefit Determination,
2) Dispute Certification Notice; state form only, attachments omitted
3) Expedited Hearing Order
4) Order Setting Status Conference, July 18, 2016
5) Order Resetting Status Conference, September 7, 2016
6) Order Resetting Status Conference, October 5, 2016
7) Order Resetting Scheduling/Status Conference, December 6, 2016
8) Order Setting Expedited Hearing
9) Employer's Statement Opposing Claim for Benefits for Left Shoulder

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Expedited Hearing Order Denying Medical Benefits was sent to the following recipients by the following methods of service on this the __27th__ day of March, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Kenneth Swain, self-represented | X | | X | swainkenneth@ymail.com; 221 Margo Lane, Nashville, TN 37211 |
| David Drobny, Employer's attorney | | | X | ddrobny@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6